Buford, J.,
 

 (dissenting)—Heretofore I prepared an opinion in this case which was filed January 3, 1930, it having then been concurred in by all of the Justices of this Court. Later a motion for rehearing was filed and a majority of the Court, after further consideration of the case, decided to recede from the views and judgment expressed in that opinion and a majority opinion was then prepared by Mr. Justice Whitfield.
 

 I am unable to concur in the majority opinion. The history of legislation in regard to the statutes involved is correctly stated in the majority opinion, but it is my view that the legislative Acts since the enactment of Chapter 3106 of 1879 amending Section 3 of Chapter 2089 of 1877, including the compilations and revision of statutes adopted by the Legislature as the law of this State, lead to a conclusion other than that which is expressed in the majority opinion.
 

 Section 23, Article V of the Constitution of the State of Florida provides as follows:
 

 "A constable shall be elected by the registered-voters in each Justice’s district, who shall perform such duties, and other regulations as may be prescribed by law.”
 

 Section 2899 Rev. Gen. Stats, of Fla. Section 4597 Comp. Gen. Laws, provides as follows:
 

 "The fees of constables shall be the same as are allowed sheriffs for like services.”
 

 In 25 R. C. L., page 908, the writer, supported by ample authority, says:
 

 
 *1575
 
 “It is a general rule that when a statute adopts a part or all of another statute, domestic or foreign, general or local, by a specific and descriptive reference thereto, the adoption takes the statute as it exists at that time. The subsequent amendment or repeal of the adopted statute has no effect on the adopting statute, unless it is also repealed expressly or by necessary implication. But when the adopting statute makes no reference to any particular statute or part of statute by its title or otherwise, but refers to the law generally which governs a particular subject, the reference in such a case includes not only the law in force at the date of the adopting' act, but also all subsequent laws on the particular subject referred to, so far at least as they are consistent with the purposes of the adopting act. When a prior act is incorporated in a subsequent one in terms or by relation, the repeal of the former leaves the latter in force, unless also repealed expressly or by necessary implication. ’ ’
 

 The fees provided by law to be paid to sheriffs for official services are prescribed by Chapter 10091, Acts of 1925, Section 4588, Comp. Gen. Laws, 1927, and Chapter 12021 Acts of 1927, Section 4589 Comp. Gen. Laws, 1927.
 

 By the provisions of Section 2899 Rev. Gen. Stats., 4597 Comp. Gen Laws, Chapter 10091 Acts of 1925, ■ Section 4588 Comp. Gen. Laws, upon its enactment, became operative as the law of this State governing fees to be paid to constables. For the rule in support of this construction see Jones et al. v. Dexter, Administrator, 8 Fla. 276.
 

 Therefore I think the judgment should be affirmed.
 

 Ellis, J., concurs. ,